**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **VICTOR LISTER, ID# 1929224,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | No. 3:14-CV-1421-B-BH |
| ) | |
| **DALLAS COUNTY JAIL, et al. ,** ) | |
| ) | |
| **Defendants.** ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the plaintiff's complaint should be dismissed as frivolous.

**I. BACKGROUND**

On April 18, 2014, Victor Lister (Plaintiff) filed a handwritten letter complaining that he was not receiving adequate medical care while incarcerated in the Dallas County Jail. (*See* doc. 3.) In response to a deficiency order, Plaintiff filed a civil rights complaint seeking relief under 42 U.S.C. § 1983 against the Dallas County Jail, a nurse identified only as Elizabeth (Nurse Elizabeth), and nurse named Anita Estes (Nurse Estes). (*See* Amend. Compl. at 3 (doc. 11).) In response to another order, Plaintiff filed answers to a questionnaire seeking more information about his claims. (Magistrate Judge's Questionnaire (MJQ) Answers (doc. 27).)[1] Plaintiff asserts that both individual defendants have failed to respond to diabetic inmates who have low blood sugar. (doc. 27 at 2-3.) As to the Dallas County Jail, Plaintiff complains of several aspects of his confinement. He has not named any other defendant despite notice that the Dallas County Jail is a non-jural entity that is not

---

[1] Plaintiff's answers to the questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

subject to suit. (*See* doc. 27 at 4.)

## II.  PRELIMINARY SCREENING

Plaintiff was an inmate at the Dallas County Jail[2] when he was permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.  SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132

---

[2] Plaintiff is now incarcerated at the TDCJ Bradshaw Unit in Henderson, Texas.

(1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.**    **Nurses**

Plaintiff sues the two individual nurses for allegedly providing him inadequate medical care.

The Constitution requires humane conditions of confinement, which includes the receipt of adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).[3] Prison officials violate this requirement only when (1) the deprivation is objectively and sufficiently serious such that the act or omission results in the denial of "the minimal civilized measure of life's necessities" and (2) the official had a culpable state of mind. *Id.* at 834 (citations omitted). The objective component requires deprivation of a sufficiently serious medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

To satisfy the second component, the officials must be deliberately indifferent "to a substantial risk of serious harm to an inmate." *Farmer*, 511 U.S. at 828. This state of mind requires more than negligence but less than intent to cause harm or knowledge that harm will result from the acts or omissions. *Id.* at 835. An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

---

[3] A pretrial detainee's constitutional rights related to conditions of confinement "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment" rather than from the prohibition against cruel and unusual punishment contained within the Eighth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). However, since basic human needs such as medical care are the same for pretrial detainees and convicted inmates, the same standards apply under both amendments. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

draw the inference." *Id.* at 837. Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations and internal quotation marks omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Plaintiff alleges that Nurse Elizabeth "failed to give anything" to diabetic inmates suffering from low blood sugar, and would record blood sugar levels on paper "different from what the machine read." (doc. 27 at 2.) He complains that she "believes in giving medication for diabetics without giving the supply food to help keep your sugar from dropping", and he alleges that the side-effects of the medications also cause low blood sugar. *Id.* Plaintiff alleges that his blood sugar dropped on several occasions because of her lack of medical attention." *Id.* He also alleges that on several occasions, Nurse Estes gave him the medications Glipizide and Metformin, even though he told her he needed "the same thing she gives the diabetics who take insulin shots to keep my sugar from dropping." (doc. 27, at 3.) Plaintiff contends that Nurse Estes refused to follow his request, and his blood sugar dropped very low. *Id.*

To the extent Plaintiff complains of a delay in medical care, a delay is a constitutional violation only if there has been deliberate indifference that results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Plaintiff has not alleged that substantial harm done to him as a result of any delay in medical care. To the extent he is claiming negligent medical care, allegations of negligence in the provision of medical care are not sufficient to maintain an action under 42 U.S.C. § 1983. *See, e.g., Daniels v. Williams,* 474 U.S. 327, 332 (1986) (concluding that

the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"). Finally, to the extent he disagrees with the medical care he received, a disagreement of opinion as to the correct medication and/or medical treatment does not constitute an actionable civil rights claim, but at most, a possible claim of medical malpractice addressed under state law. *See Estelle v. Gamble,* 429 U.S. 97, 107 (1976); *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997); *see generally Domino*, 239 F.3d at 756 ("Furthermore the decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'") (quoting *Estelle*, 429 U.S. at 107)).

Plaintiff's allegations against the nurses are not sufficient to state a violation of his constitutional rights as a matter of law. *See Lee v. Richland Parish Detention Center* 483 F. App'x 904, 905 (5th Cir. 2012) (holding that delays in administering medicine do not amount to a constitutional violation where there is no evidence that the defendants "delayed or refused medical treatment with subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn") (citing *Hare*, 74 F.3d at 650); *Harris v. Donaldson*, 71 F.3d 876, 1995 WL 725438, at *2 (5th Cir. Nov. 3, 1995) (no deliberate indifference when prisoner received medical treatment for diabetes, including blood sugar level monitoring, insulin doses and other attention, rendering his § 1983 medical care claim merely a "quarrel with the quality and quantity of his medical treatment"): *Sledge v. Dawson State Jail, et* al., No. 3:03-CV-202-R, 2003 WL 21501821, at * 2 (N.D. Tex. June 24, 2003), *rep. and rec. adopted,* 2003 WL 21751246, (July 28, 2003) (noting that even though Plaintiff alleged he had not received any medication for diabetes for ten days, and suffered effects such as blood sugar being "out of control" and blurred vision, because he did not allege substantial harm, his claim did not state a constitutional violation). He has not alleged a

cognizable cause of action against the nurses with respect to his medical care, so his medical care claims against them should be dismissed.

**B.      Dallas County Jail**

Plaintiff sues the Dallas County Jail over his assignment to a top bunk, his assignment to a mental health "tank," and the unsanitary conditions of the air vents in his tank. (*See* doc. 27 at 4.)

*1.      Non Jural Entity*

A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. The Dallas County Jail is not a jural entity subject to suit. *See Gonzales v. Lew Sterrett Dallas County Jail,* 3:08-CV-1510-D, 2008 WL 4921428, at *2-3 (N.D. Tex. Nov. 13, 2008), *citing Selver v. City of Dallas*, No. 3:02-CV-1890-D, 2003 WL 23473041, at *2 (N.D. Tex. Feb. 5, 2003) (recommendation of Mag. J.), *adopted by* 2003 WL 23473115 (N.D. Tex. Mar. 3, 2003); *Dale v. Officer Bridges*, No. 3:96-CV-3088-AH, 1997 WL 810033, at *1 n. 1 (N.D. Tex. Dec. 22, 1997) (holding that Dallas County Jail is not jural entity subject to suit), *aff'd*, 154 F.3d 416 (5th Cir.1998).

When warned of the non-jural status of this defendant and given a chance to amend his complaint to name a different defendant, Plaintiff only questioned why this defendant could not be sued. (*See* doc. 27 at 4.) His claims against the Dallas County Jail should be dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A because it is a non-jural entity that is not subject to suit.

### *2.  Municipal Liability*

Plaintiff was given an opportunity to name another defendant, but did not do so. Even if his complaint is liberally construed as properly filed against Dallas County, Texas, he has still failed to state a claim against it. Plaintiff was specifically asked about any official policy or custom of any other government entity. (*See* doc. 26 at 6.)  He failed to include a response to this question when he returned his answers. (See doc. 27.)

Municipalities, including counties and cities, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica County*, 543 F.3d 221, 224 (5th Cir. 2008). To hold a municipality liable under § 1983, however, plaintiffs must show an "underlying claim of a violation of rights," as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005) (citations omitted). The official policy requirement means that municipal liability under § 1983 "is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80 (1986).

Plaintiff was given an opportunity to expound on the factual allegations in his complaint, and to name additional defendants, by way of a questionnaire. *See Berry v. Brady*, 192 F. 3d. 504, 507 (5th Cir. 1999) (reaffirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994) (same); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (same). He has failed to allege any facts to support a cognizable conditions-of-confinement claim against Dallas County, Texas, and any such claims should be dismissed.

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C.§ 1915(g).[4]

**SIGNED this 9th day of September, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.